**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Valente ACOSTA–LICEA, also
known as Valente Acosta,
Defendant–Appellant.**

No. 06–40172
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Valente Acosta–Licea appeals from his guilty-plea conviction and sentence for being found in the United States after previous deportation. *See* 8 U.S.C. § 1326. Acosta–Licea argues that the district court erred by imposing a 16–level adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary of a habitation. As Acosta–Licea concedes, his argument is foreclosed by *United States v. Garcia–Mendez,* 420 F.3d 454, 455–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), and although he argues that *Garcia–Mendez* was incorrectly decided, *Garcia–Mendez* remains binding. *See United States v. Stone,* 306 F.3d 241, 243 (5th Cir.2002).

Acosta–Licea's constitutional challenge to § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Acosta–Licea contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Acosta–Licea properly concedes that his argument is foreclosed in light of *Almendarez–*

---

*Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be